## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Golden Entertainment PA, Inc.,
1405 Old Oxford Road, Suite G
Durham, NC 27704,

                Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

                Defendants.

Civil Action No. _____

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Golden Entertainment PA, Inc. ("Golden Entertainment PA" or the "Company"),
by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1.    This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706,
and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal
financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA")
and its Administrator, Isabella Casillas Guzman.

2.    The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as
amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program
to provide emergency financial assistance to eligible businesses, including motion picture theater

operators, impacted by the global COVID-19 pandemic.  The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3.       Golden Entertainment MN, Inc. opened a motion picture theater in October 2019 in Dubois, Pennsylvania.

4.       Beginning in early spring 2020, unprecedented pandemic-related government restrictions substantially impacted Golden Entertainment, MN, Inc.'s business and the business at the newly opened Dubois, Pennsylvania location, including several months during 2020 when the Dubois theater was forced to shut down by local restrictions.  The revenues for the Dubois, Pennsylvania location alone between the fourth quarter of 2019 (when the theater opened) dropped by over 90% as compared to the fourth quarter of 2020.

5.       On April 20, 2021 Golden Entertainment MN, Inc., spun-off the Dubois, Pennsylvania location into a wholly owned subsidiary (Golden Entertainment PA, Inc.) and obtained an EIN for Plaintiff Golden Entertainment PA that was separate from the EIN for its parent corporation, Golden Entertainment MN, Inc.

6.       Relying on SBA guidance, Plaintiff Golden Entertainment PA filed an application for an SVOG award on April 26, 2020 using the 2019 earned revenues of the prior owner (Golden Entertainment MN, Inc.).  *See* SBA, Frequently Asked Question (FAQ) No. 84 (Oct. 20, 2021), https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf (stating that if ownership was transferred that the new owner could use revenues reported by the prior owner to prove eligibility).

7.       Following an initial denial, the Company filed an appeal to the SBA.  The SBA denied both Golden Entertainment PA's application and appeal, giving no reason for the initial denial and providing an incorrect conclusory statement with the appeal denial on November 19,

2021 stating that the Dubois, Pennsylvania theater was not eligible because it was not fully operational on February 29, 2020.

8.      Inexplicably, on April 12, 2022, the SBA forwarded an email to the Company with a matrix stating a completely different and incorrect reason for denial—that Golden Entertainment PA did not "demonstrate at least a 25% reduction gross earned revenue during at least one quarter of 2020, as compared to 2019."

9.      Golden Entertainment PA requires an SVOG award to support ongoing operations—exactly the purpose of the SVOG Program.  However, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance.  Thus, even though the Company demonstrated entitlement to relief funds, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Company's application and appeal.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

11.     Venue lies in this district under 28 U.S.C. § 1391(e)(1).

12.     This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

13.     Plaintiff Golden Entertainment PA, Inc. is the operator of a motion picture theater located in Dubois, Pennsylvania.  The theater was opened by Golden Entertainment MN, Inc. in October 2019.  On April 20, 2021, Golden Entertainment MN, Inc. spun-off Plaintiff Golden Entertainment, PA, Inc. into a wholly owned subsidiary with a separate EIN.

14.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

15.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A.     Shuttered Venue Operators Grant Program

16.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues, including motion picture theaters.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

17.     SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

18.     An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).  For entities "that began operations after January 1, 2019," the entity may receive an initial SVOG award in "the amount equal to the product obtained by multiplying—(aa) the average monthly gross earned revenue for each full month during which the eligible person or entity was in operation during 2019; by (bb) 6 . . . ."  *Id.* § 9009a(c)(1)(A)(i)(II).

19.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50% of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10

million.  15 U.S.C. § 9009a(b)(3)(A).  However, for eligible businesses "that were not in operation in Q1 2019, their first quarter earned revenues will be used instead."  FAQ No. 243.

20.     Eligible entities under the Act include motion picture theatre operators, live venue operators, as well as talent representatives, live performing arts organization operators, theatrical producers, live venue promoters, and museum operators.  15 U.S.C. § 9009a(a)(1)(A).

21.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

**B.     Golden Entertainment PA's Award Request and the SBA's Denial**

22.     On April 26, 2021, Golden Entertainment PA applied for a SVOG award of $623,443.42.

23.     In its application, Golden Entertainment PA demonstrated that the Company satisfied the eligibility criteria for a SVOG award.  The Company demonstrated that its losses in 2020 exceeded the 25% statutory threshold for 2019 and 2020.  Indeed, the revenues for the Dubois, Pennsylvania location between the fourth quarter of 2019 when the theater opened dropped by over 90% as compared to the fourth quarter of 2020.  Golden Entertainment PA also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

24.     On August 27, 2021, Golden Entertainment PA learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation for the SBA's denial.

25.     In September 2021, Golden Entertainment PA submitted an administrative appeal of the denial to the SBA.

26.     Golden Entertainment PA's appeal explained in detail and with supporting documentation how the company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a motion picture theater operator.  The Company provided documentation that the Dubois, Pennsylvania theater has (1) at least one auditorium that includes a motion picture screen and fixed audience seating; (2) a projection booth or space containing not less than one motion picture projector; (3) a paid ticket charge to attend exhibition of motion pictures; and (4) motion picture exhibitions are marketed through showtime listings.

27.     On November 19, 2021, the SBA notified Golden Entertainment PA by email that its appeal was denied.  The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that Golden Entertainment PA appeal was declined "at least in part" based on reason 1 and 14.  Reason 1 is listed as "[n]ot fully operational on February 29, 2020."  Reason 14 is listed as "[i]ncomplete application."

28.     Then, inexplicably, on April 12, 2022, the SBA forwarded an email with a matrix stating that the reason for denial was that Golden Entertainment PA did not "demonstrate at least a 25% reduction gross earned revenue during at least one quarter of 2020, as compared to 2019."

29.     The SBA's denial of Golden Entertainment PA appeal is the agency's final decision.

**CLAIMS FOR RELIEF**

30.     The courts recognize a strong presumption favoring judicial review of administrative action.

31.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

32.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

33.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

34.     The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION**

35.     Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

36.     A basic requirement of administrative law is that an agency explain the reasoning behind its decisions.  However, the SBA gave Golden Entertainment PA conflicting, conclusory, and plainly incorrect reasons for the Company's application denial that do not explain the agency's reasoning in denying the Company's request for a SVOG award.

37.     The SBA's decision on Golden Entertainment PA's application conflicts with the evidence of Golden Entertainment PA's eligibility presented to the SBA.  Contrary to the SBA's contradictory denial decisions, the company was (1) fully operational on February 29, 2020; (2)

provided evidence of over a 90% drop in revenue in the fourth quarter of 2020 as compared to the fourth quarter of 2019; and (3) provided complete appeal documents.

38.     For each of these reasons, the SBA's denial of Golden Entertainment PA's SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

39.     Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

40.     Golden Entertainment PA satisfies the Act's eligibility criteria for a SVOG award as a motion picture theater operator.

41.     The SBA's denial of the Company's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

42.     Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

43.     The SBA's denial of Golden Entertainment PA's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Golden Entertainment PA's application and appeal presented evidence, which demonstrate the Company's eligibility for a SVOG award.

44.     The SBA's denial of the Company's SVOG award request is thus unsupported by any evidence, much less substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Golden Entertainment PA respectfully requests that this Court:

1.      Declare unlawful and set aside Defendants' denial of the Company's request for SVOG award funds of $623,443.42.

2.      Preliminarily and permanently order Defendants to consider the Company's request for reconsideration of the SVOG award amount consistent with applicable law and the evidence before the SBA.

3.      Preliminarily and permanently order Defendants to award Golden Entertainment PA $623,443.42 in initial SVOG funds.

4.      Preliminarily and permanently order Defendants to award Golden Entertainment PA $311,721.71 in supplemental SVOG funds.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's initial and supplemental SVOG award.

6.      Award Plaintiff its costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated June 16, 2022                         Respectfully submitted,

                                            */s/* Caroline L. Wolverton
                                            Angela B. Styles
                                            D.C. Bar No. 448397
                                            Caroline L. Wolverton
                                            D.C. Bar No. 496433
                                            AKIN GUMP STRAUSS HAUER & FELD LLP
                                            2001 K Street, N.W.
                                            Washington, D.C. 20006
                                            (202) 887-4000

                                            *Counsel for Golden Entertainment PA, Inc.*