IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOLDEN ENTERTAINMENT PA, INC.,
1405 Old Oxford Road, Suite G
Durham, NC 27704,

     Plaintiff,

  v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

     Defendants.

Civil Action No. 22-1731 (JDB)

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Golden Entertainment PA, Inc. ("Golden Entertainment PA" or the "Company"),
by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1.  This is an action under the Mandamus statute, 28 U.S.C. § 1361, the Administrative
Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201
and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants
Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.  The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as
amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program
to provide emergency financial assistance to eligible businesses, including motion picture theater

operators, impacted by the global COVID-19 pandemic.  The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3.      Golden Entertainment MN, Inc. opened a motion picture theater in October 2019 in Dubois, Pennsylvania.

4.      Beginning in early spring 2020, unprecedented pandemic-related government restrictions substantially impacted Golden Entertainment MN, Inc.'s business and the business at the newly opened Dubois, Pennsylvania location, which was forced to shut down due to local restrictions.  The revenues for the Dubois, Pennsylvania location alone dropped between the fourth quarter of 2019 (when the theater opened) by over 90% as compared to the fourth quarter of 2020.

5.      On April 20, 2021, Golden Entertainment MN, Inc., spun-off the Dubois, Pennsylvania location into a wholly owned subsidiary (Golden Entertainment PA, Inc.) and obtained an Employer Identification Number ("EIN") for Plaintiff Golden Entertainment PA that was separate from the EIN for its parent corporation, Golden Entertainment MN, Inc.

6.      Relying on SBA guidance, Plaintiff Golden Entertainment PA filed an application for an SVOG award of $623,443.42 on April 26, 2021, using the 2019 earned revenues of the prior owner (Golden Entertainment MN, Inc.).  *See* Frequently Asked Question (FAQ) No. 84 (Oct. 20, 2021),                                  https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf (stating that if ownership was transferred that the new owner could use revenues reported by the prior owner to prove eligibility).

7.      The SBA denied Golden Entertainment PA's application and its appeal, giving no reason for the initial denial and providing an incorrect conclusory statement with the appeal denial—that the Dubois, Pennsylvania theater was not eligible because it was not fully operational on February 29, 2020.  The Dubois, Pennsylvania theater in fact was in full operation on that date.

8.      On December 7, 2022, after Golden Entertainment PA filed this action, the SBA reversed its denial and sent Golden Entertainment PA a notice stating that it would be awarded $140,285.57 in SVOG funds.  Golden Entertainment signed and returned the award document. However, as of this filing, Golden Entertainment PA has not received these funds.

9.      Further, the award notice did not provide all the relief that Golden Entertainment PA sought and did not explain the reason for an award that was $483,157.85 less than Golden Entertainment PA requested and for which it demonstrated eligibility.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to the Mandamus statute, 28 U.S.C. § 1361, and 28 U.S.C. § 1331 because it presents federal questions under the APA.

11.      Venue lies in this district under 28 U.S.C. § 1391(e)(1).

12.      This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 1361, 2201 and 2202.

## PARTIES

13.      Plaintiff Golden Entertainment PA, Inc. is the operator of a motion picture theater in Dubois, Pennsylvania.  The theater was opened by Golden Entertainment MN, Inc. in October 2019.  On April 20, 2021, Golden Entertainment MN, Inc. spun-off Plaintiff Golden Entertainment PA, Inc. into a wholly owned subsidiary with a separate EIN.

14.      Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

15.      Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

3

## BACKGROUND

### A.    Shuttered Venue Operators Grant Program

16.    The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues, including motion picture theaters.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

17.    SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

18.    An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).  For entities "that began operations after January 1, 2019," the entity may receive an initial SVOG award in "the amount equal to the product obtained by multiplying—(aa) the average monthly gross earned revenue for each full month during which the eligible person or entity was in operation during 2019; by (bb) 6."  *Id.* § 9009a(c)(1)(A)(i)(II).

19.    Eligible entities under the Act include motion picture theater operators, live venue operators, as well as talent representatives, live performing arts organization operators, theatrical producers, live venue promoters, and museum operators.  15 U.S.C. § 9009a(a)(1)(A).

20.    In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen.

15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

**B.      Golden Entertainment PA's Award Request and SBA's Denial**

21.     On April 26, 2021, Golden Entertainment PA applied for a SVOG award of $623,443.42, an amount calculated pursuant to 15 U.S.C. § 9009a.

22.     In its application, Golden Entertainment PA demonstrated that the Company satisfied the eligibility criteria for a SVOG award.  The Company demonstrated that its losses in 2020 exceeded the 25% statutory threshold for 2019 and 2020.  Indeed, the revenues for the Dubois, Pennsylvania location between the fourth quarter of 2019, when the theater opened, dropped by over 90% as compared to the fourth quarter of 2020.  Golden Entertainment PA also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

23.     On August 27, 2021, Golden Entertainment PA learned from the SBA's portal that its application was denied.  The portal's notice gave no explanation for the SBA's denial.

24.     In September 2021, Golden Entertainment PA submitted an administrative appeal to the SBA.

25.     Golden Entertainment PA's appeal explained in detail and with supporting documentation how the Company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a motion picture theater operator.  The Company provided documentation that the Dubois, Pennsylvania theater has (1) at least one auditorium that includes a motion picture screen and fixed audience seating; (2) a projection booth or space containing not less than one motion picture projector; (3) a paid ticket charge to attend

exhibition of motion pictures; and (4) motion picture exhibitions that are marketed through showtime listings.

26.    On November 19, 2021, the SBA notified Golden Entertainment PA by email that its appeal was denied.  The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that Golden Entertainment PA's appeal was declined "at least in part" based on reasons 1 and 14.  Reason 1 is listed as "[n]ot fully operational on February 29, 2020."  Reason 14 is listed as "[i]ncomplete application."

27.    Golden Entertainment PA filed this action for judicial review on June 16, 2022, alleging that the SBA's denial of its application and appeal was arbitrary and capricious, contrary to law, and unsupported by substantial evidence in violation of the APA.

28.    On December 7, 2022, the SBA reversed its denial and issued Golden Entertainment PA an award notice for $140,285.57 in SVOG funds.  Defendants then filed a motion to dismiss before the money was actually disbursed to Plaintiff.

29.    On December 29, 2022, Golden Entertainment PA signed and returned the award document.

30.    Golden Entertainment PA has yet to receive the $140,285.57.

31.    The award of $140,285.57 is $483,157.85 less than that Golden Entertainment PA had requested in its application.

32.    The SBA's award of $140,285.57 in SVOG funds, the SBA's failure to disburse the $140,285.57 in funds, and the SBA's denial of the additional $483,157.85 Golden Entertain PA sought constitute final agency action.

**CLAIMS FOR RELIEF**

33.     The courts recognize a strong presumption favoring judicial review of administrative action.

34.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

35.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

36.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

37.     The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I—MANDAMUS**

38.     Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

39.     The Court has power under the Mandamus statute, 28 U.S.C. § 1361, and the APA, 5 U.S.C. § 706(1), to compel agency action unlawfully withheld.

40.     Golden Entertainment PA's right to the $140,285.57 in SVOG funds that the SBA awarded is clear and indisputable, and the SBA is in clear violation of its duty to fund the award.

41.     Golden Entertainment PA has no adequate alternative remedy.  Money damages are unavailable.

42.     The Court should issue an order directing Defendants to fund Golden Entertainment PA's SVOG award of $140,285.57.

### COUNT II—ARBITRARY AND CAPRICIOUS AGENCY ACTION

43.    Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

44.    A basic requirement of administrative law is that an agency must explain the reasoning behind its decisions.  However, the SBA gave Golden Entertainment PA no reason whatsoever for (1) issuing an award notice in the amount of $140,285.57, but not disbursing the funds, or (2) issuing an award notice for $483,157.85 less than Golden Entertainment PA demonstrated eligibility.

45.    The SBA's failure to disburse funds in the amount of $140,285.57 and denial of the full amount of Golden Entertainment PA's SVOG award request are arbitrary and capricious.

### COUNT III—AGENCY ACTION CONTRARY TO LAW

46.    Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

47.    Golden Entertainment PA satisfies the Act's eligibility criteria for a SVOG award in the requested amount of $623,443.42 as a motion picture theater operator.

48.    The SBA's SVOG award notice of only about 22% of the amount for which Golden Entertainment PA demonstrated eligibility violated the Act and is contrary to law.

### COUNT IV—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

49.    Golden Entertainment PA realleges and incorporates by reference each of the preceding paragraphs and allegations.

50.    The SBA's award of only $140,285.57 in SVOG funds, $483,157.85 less than that requested by Golden Entertainment PA, is supported by no evidence in the record, let alone substantial evidence.  Golden Entertainment PA's application presented evidence demonstrating

8

the Company's eligibility for a SVOG award in the full amount Golden Entertainment PA requested.

51.     The SBA's denial of the full amount of SVOG funds Golden Entertainment PA requested is thus unsupported by any evidence, much less substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Golden Entertainment PA respectfully requests that this Court:

1.     Order Defendants to fund Golden Entertainment PA's SVOG award of $140,285.57.

2.     Declare unlawful and set aside Defendants' denial of the Company's request for SVOG award funds totaling $623,443.42.

3.     Preliminarily and permanently order Defendants to reconsider the SVOG award amount consistent with applicable law and the evidence before the SBA.

4.     Preliminarily and permanently order Defendants to award Golden Entertainment PA a total of $623,443.42 in SVOG funds.

5.     Preliminarily and permanently order Defendants to award Golden Entertainment PA $311,721.71 in supplemental SVOG funds.

6.     Award Plaintiff its costs and reasonable attorney fees; and

7.     Grant such other and further relief as the Court deems just and proper.

Dated January 27, 2023                    Respectfully submitted,

                                          /s/ Caroline L. Wolverton
                                          Angela B. Styles
                                          D.C. Bar No. 448397
                                          Caroline L. Wolverton
                                          D.C. Bar No. 496433
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          2001 K Street, N.W.
                                          Washington, D.C. 20006

9

(202) 887-4000

*Counsel for Golden Entertainment PA, Inc.*

10