**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GOLDEN ENTERTAINMENT PA, INC.,

Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION, *et al.*,

Defendants.

Civil Action No. 1:22-cv-1731-JDB

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Plaintiff Golden

Entertainment PA, Inc. hereby moves for summary judgment.  In support of its Motion, Plaintiff

relies on the accompanying Memorandum of Points and Authorities and the administrative record.

A proposed order is attached.

Dated: August 28, 2023

/s/ Caroline L. Wolverton
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff Golden Entertainment PA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GOLDEN ENTERTAINMENT PA, INC.,

        Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION, *et al.*,

        Defendants.

Civil Action No.  22-1731(JDB)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION..............................................................................................................................1

STATUTORY BACKGROUND ....................................................................................................2

STATEMENT OF FACTS.............................................................................................................3

      **A.**      **The Impact of COVID-19 on Golden Entertainment PA**......................3

      **B.**      **Golden Entertainment PA's Application and Appeal** ............................4

      **C.**      **This Action and the SBA's Final Decision** .............................................5

ARGUMENT....................................................................................................................................6

      **I.**      **Legal Standards** ........................................................................................6

      **II.**      **The SBA Has Unlawfully Withheld Agency Action** ...............................9

      **III.**      **The SBA's Decision is Arbitrary and Capricious**.................................9

      **IV.**      **The SBA's Decision is Contrary to Law** ...............................................11

      **V.**      **The SBA's Decision is Not Supported by Substantial Evidence**......................11

      **VI.**      **The Court Should Enter an Injunction Directing the SBA to Pay Golden Entertainment PA its Full Initial and Supplemental SVOG Awards** ......................................................................................................12

CONCLUSION .............................................................................................................................13

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Hosp. Ass'n v. Burwell*,
    812 F.3d 183 (D.C. Cir. 2016).........................................................................7, 9

*Amerijet Int'l., Inc. v. Pistole*,
    753 F.3d 1343 (D.C. Cir. 2014).........................................................................9, 10

*Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv.*,
    64 F.4th 1354 (D.C. Cir. 2023).........................................................................8, 13

*Anglers Conservation Network v. Pritzker*,
    809 F.3d 664 (D.C. Cir. 2016).........................................................................7

*Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*,
    745 F.2d 677 (D.C. Cir. 1984).........................................................................8

*AT&T Corp. v. FCC*,
    86 F.3d 242 (D.C. Cir. 1996).........................................................................8

*Burlington Truck Lines v. United States*,
    371 U.S. 156 (1962).........................................................................7

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
    401 U.S. 402 (1971).........................................................................8

*Dickinson v. Zurko*,
    527 U.S. 150 (1999).........................................................................11

*Doe v. Mattis*,
    928 F.3d 1 (D.C. Cir. 2019).........................................................................8, 13

*FCC v. Nat'l Citizens Comm. for Broad.*,
    436 U.S. 775 (1978).........................................................................8

*Fisher v. Pension Benefit Guar. Corp.*,
    994 F.3d 664 (D.C. Cir. 2021).........................................................................12

*\*George Hyman Constr. Co. v. Brooks*,
    963 F.2d 1532 (D.C. Cir. 1992).........................................................................12

*Greatness v. Fed. Election Comm'n*,
    831 F.3d 500 (D.C. Cir. 2016).........................................................................13

*Henry v. Sec'y of Treasury*,
266 F. Supp. 3d 80 (D.D.C. 2017) ................................................................................6

*Ho-Chunk, Inc. v. Sessions*,
253 F. Supp. 3d 303 (D.D.C. 2017) ..............................................................................6

*League of Women Voters v. Newby*,
838 F.3d 1 (D.C. Cir. 2016) .........................................................................................13

*Marsh v. Ore. Nat. Res. Council*,
490 U.S. 360 (1989) ........................................................................................................8

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ............................................................................................7, 8, 9, 10

*Nken v. Holder*,
556 U.S. 418 (2009) ........................................................................................................9

*Norton v. S. Utah Wilderness All.*,
542 U.S. 55 (2004) ..........................................................................................................7

*Pol'y & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*,
313 F. Supp. 3d 62 (D.D.C. 2018) ................................................................................6

*Ramirez v. U.S. Immigr. & Customs Enf't*,
310 F. Supp. 3d 7 (D.D.C. 2018) ..................................................................................7

*United States v. Monzel*,
641 F.3d 528 (D.C. Cir. 2011) .......................................................................................7

*W. Org. of Res. Councils v. Zinke*,
892 F.3d 1234 (D.C. Cir. 2018) .....................................................................................7

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) ........................................................................................................8, 13

*Xiaomi Corp. v. Dep't of Def.*,
No. CV 21-280 (RC), 2021 WL 950144 (D.D.C. Mar. 12, 2021) ...........................11

**Statutes**

5 U.S.C.

§ 702 ..................................................................................................................................9

§ 706(1) ..........................................................................................................................7, 9

§ 706(2) ............................................................................................................................7

15 U.S.C.

  § 9009a ..................................................................................................................4

  § 9009a(a)(1)(A) ................................................................................................2, 3

  § 9009a(a)(1)(A)(iv) ............................................................................................3

  § 9009a(b)(3)(A) .............................................................................................3, 12

  § 9009a(c) ............................................................................................................3

  § 9009a(c)(1)(A)(i)(II) ..........................................................................3, 10, 11, 12

  § 9009a(c)(2) ...................................................................................................3, 12

Pub. L. No. 116-260, § 324 ......................................................................................2

Pub. L. No. 117-2, § 5005(a) ...................................................................................2

**Other Authorities**

SBA, Frequently Asked Question (FAQ) (Oct. 20, 2021) ........................................4, 10

**INTRODUCTION**

This is an action for review of a final decision of the Small Business Administration ("SBA") denying full pandemic relief to an eligible small business with no explanation and the agency's failure to disburse the insufficient relief it did award.  Golden Entertainment PA, Inc. ("Golden Entertainment PA" or the "Company") is a small motion picture theatre operator that was forced to temporarily shut down in 2020 due to the COVID-19 pandemic.  As an eligible entity for Shuttered Venue Operators Grant ("SVOG") funding under the Economic Aid Act, Golden Entertainment PA turned to the federal government for relief.  The Company applied for $623,443.42 in SVOG funding in April 2021—an amount calculated using the formula outlined in the Economic Aid Act—and submitted documentation showing that it satisfied all eligibility criteria.

Shortly thereafter, the SBA rejected Golden Entertainment PA's application with no explanation.  The Company promptly filed an administrative appeal, only to again be denied by the SBA, this time under the generic reason that Golden Entertainment PA submitted an "incomplete application."

On June 16, 2022, Golden Entertainment PA filed the present suit challenging the SBA's denial as arbitrary and capricious, contrary to law, and unsupported by substantial evidence.  Just a few months later, the SBA abruptly rescinded its denial of the Company's application, presumably acknowledging that it satisfied all SVOG funding eligibility criteria.  But the SBA, once again without explanation, awarded Golden Entertainment PA only $140,285.57—an amount $483,157.85 less than the Company had requested and demonstrated eligibility for in its application.  In January 2023, Golden Entertainment PA amended its complaint to challenge this

insufficient award and the SBA's failure to disburse even this awarded amount. The Company has not received its $140,285.57 SVOG award to this day.

By not disbursing to Golden Entertainment PA the $140,285.57 in SVOG funding the agency awarded, the SBA has unlawfully withheld agency action in violation of the Administrative Procedure Act ("APA"). This Court should grant summary judgment to the Company on this claim and direct the agency to immediately disburse these funds. In addition, the SBA's failure to award Golden Entertainment PA the full amount for which it demonstrated eligibility is arbitrary and capricious, contrary to law, and unsupported by substantial evidence. This Court should grant summary judgment to Golden Entertainment PA on all three of these claims and order the SBA to award $623,443.42 in SVOG funding.

## STATUTORY BACKGROUND

The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act ("Economic Aid Act"), signed into law December 27, 2020, appropriated $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260, § 324. The American Rescue Plan, enacted March 11, 2021, amended the Economic Aid Act by appropriating an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2, § 5005(a). The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

Eligible entities under the Economic Aid Act include motion picture theatre operators, live performing arts organization operators, live venue promoters and operators, theatrical producers, museum operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A). An eligible motion picture theatre operator must have the following characteristics: (1) "at least 1 auditorium that includes a motion picture screen and fixed audience seating"; (2) "[a] projection booth or space"; (3) "[a] paid ticket charge"; and (4) marketing through "showtime listings in printed or electronic

2

publications, on websites, by mass mail, or on social media." *Id.* § 9009a(a)(1)(A)(iv).  In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to the same quarter in 2019, and has reopened or intends to reopen.  *Id.* § 9009a(a)(1)(A).

An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).  For entities "that began operations after January 1, 2019," the entity may receive an initial SVOG award in "the amount equal to the product obtained by multiplying—(aa) the average monthly gross earned revenue for each full month during which the eligible person or entity was in operation during 2019; by (bb) 6."  *Id.* § 9009a(c)(1)(A)(i)(II).  Businesses with a revenue for the most recent calendar quarter of no more than 30% of the revenue for the corresponding calendar quarter in 2019 are also eligible for supplemental grants of 50% of the original award amount.  *Id.* § 9009a(b)(3)A); § 9009a(c)(2).

## STATEMENT OF FACTS

### A.  The Impact of COVID-19 on Golden Entertainment PA

On October 1, 2019, Golden Entertainment MN, Inc. opened a motion picture theater in Dubois, Pennsylvania.  Admin. R. ("A.R.") 443.  Beginning in early spring 2020, unprecedented pandemic-related government restrictions substantially impacted Golden Entertainment MN, Inc.'s business and the business at the newly opened Dubois, Pennsylvania location, decreasing its revenues by *over 90%* between the fourth quarter of 2019 and the fourth quarter of 2020.  *Id.* at 7–

3

8. In fact, the Dubois, Pennsylvania location was forced to shut down due to local restrictions. *Id.* at 430.

On April 20, 2021, Golden Entertainment MN, Inc., spun-off the Dubois, Pennsylvania location into a wholly owned subsidiary (Golden Entertainment PA, Inc.) and obtained an Employer Identification Number ("EIN") for Plaintiff Golden Entertainment PA that was separate from the EIN for its parent corporation, Golden Entertainment MN, Inc. A.R. 429.

### B. Golden Entertainment PA's Application and Appeal

On April 26, 2021, Golden Entertainment PA applied as a motion picture theater operator for a SVOG award of $623,443.42. A.R. 126. Per SBA guidance, the Company calculated this amount using the 2019 earned revenues of the prior owner (Golden Entertainment MN, Inc.), following the formula outlined in 15 U.S.C. § 9009a. *See* SBA, Frequently Asked Question (FAQ) No. 84 (Oct. 20, 2021), https://www.sba.gov/sites/default/files/2021-10/10-20-21%20SVOG%20FAQ%20FINAL_508_final.pdf (stating that if ownership was transferred that the new owner could use revenues reported by the prior owner to prove eligibility); A.R. 357–58; A.R. 450. In its application, Golden Entertainment PA included evidence showing that its losses for 2020 exceeded the 25% statutory threshold for 2019 and 2020. A.R. 459. Indeed, the revenues for the Dubois, Pennsylvania location between the fourth quarter of 2019, when the theater opened, dropped by over 90% as compared to the fourth quarter of 2020. *Id.* The Company also included certifications of eligibility, as required by the SBA's guidance on SVOG applications. *Id.* at 357–58; *id.* at 7–8.

Shortly thereafter, Golden Entertainment PA learned from the SBA's portal that its application was denied. Decl. of J. Bloemeke, ECF No. 14-1, ¶ 5. The portal notice gave no explanation for the SBA's denial whatsoever. *Id.* The Company submitted an administrative

appeal of the denial on September 10, 2021. A.R. 743. In its appeal, Golden Entertainment PA explained in detail and with supporting documentation how the Company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a motion picture theater operator. The Company provided documentation that the Dubois, Pennsylvania theater has (1) at least one auditorium that includes a motion picture screen and fixed audience seating; (2) a projection booth or space containing not less than one motion picture projector; (3) a paid ticket charge to attend exhibition of motion pictures; and (4) motion picture exhibitions that are marketed through showtime listings. *Id.* at 539–92.

On November 22, 2021, the SBA notified Golden Entertainment PA by email that its appeal was denied. *Id.* at 394–95. The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix and stated that Golden Entertainment PA's appeal was declined "at least in part" based on reason 14, listed as "[i]ncomplete application." *Id.*

### C. This Action and the SBA's Final Decision

On June 16, 2022, Golden Entertainment PA filed the present action for judicial review. ECF No. 1. On August 15, 2022, the SBA wrote to Golden Entertainment PA that it was "rescinding its final decision on [Golden Entertainment PA's] SVOG application dated November 22, 2021 and will re-issue a new decision based upon [its] review of the administrative record," with no further detail. A.R. 417.

On December 22, 2022, the SBA issued Golden Entertainment PA an award notice for $140,285.57—an amount $483,157.85 less than Golden Entertainment PA requested in its application—still with no explanation for the rescission of its denial or for an award much lower

than that sought by the Company. *Id.* at 636. Golden Entertainment PA promptly signed and returned the award document on December 27, 2022. *Id.*[1]

Yet the Company still has not received the $140,285.57 in funds that it was awarded. On January 27, 2023, Golden Entertainment PA filed an amended complaint, ECF No. 17, challenging the SBA's insufficient award of $140,285.57 in SVOG funds; the SBA's failure to disburse the $140,285.57 in funds; and the SBA's denial of the additional $483,157.85 Golden Entertainment PA sought, which constitutes the final agency action on review.

## ARGUMENT

### I.    Legal Standards

On a Rule 56 summary judgment motion in an Administrative Procedure Act ("APA") case like this, "the reviewing court generally … reviews the [agency's] decision as an appellate court addressing issues of law." *Pol'y & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*, 313 F. Supp. 3d 62, 74 (D.D.C. 2018) (alterations in original) (quoting *Henry v. Sec'y of Treasury*, 266 F. Supp. 3d 80, 86 (D.D.C. 2017)). "[T]he court must limit its review to the 'administrative record' and the facts and reasons contained therein to determine whether the agency's action was 'consistent with the relevant APA standard of review.'" *Id.* (quoting *Ho-Chunk, Inc. v. Sessions*, 253 F. Supp. 3d 303, 307 (D.D.C. 2017)).

---

[1] Meanwhile, in December 2022, Congress rescinded $459 million in unobligated SVOG funds, and the SBA moved on April 10, 2023, ECF No. 28, to stay this case pending a decision on mootness in another D.C. Circuit case raising the same issue. This Court granted the stay in a Minute Order on May 10, 2023. But on July 28, 2023, the SBA filed a notice stating that it withdraws its mootness argument, attaching a letter stating that the SBA "has approximately $23 million in additional recovered funds" that "will be available to pay grants SBA already approved but not funded." ECF No. 32-1. This Court promptly lifted the stay on August 11, 2023. But, even though the SBA made clear that it has $23 million to fund awards such as Golden Entertainment PA's, the Company has still not received the $140,285.57 it was awarded.

The Court has the power to "compel agency action unlawfully withheld" under the APA. 5 U.S.C. § 706(1). With section 706(1), the APA "carried forward" the traditional remedy of mandamus. *Norton v. S. Utah Wilderness All.* ("*SUWA*"), 542 U.S. 55, 63 (2004); *see also Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 670 (D.C. Cir. 2016) (recognizing that the "[section 706(1)] standard reflects the common law writ of mandamus, which the APA 'carried forward' in § 706(1)") (quoting *SUWA*, 542 U.S. at 63). As with mandamus, to be compelled under section 706(1) an agency action must be "discrete" and the agency must be "required to take" it. *SUWA*, 542 U.S. at 62–64 ("a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take") (emphasis omitted); *accord, e.g.*, *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018); *Ramirez v. U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d 7, 20 (D.D.C. 2018). "The legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'" *W. Org. of Res. Councils*, 892 F.3d at 1241 (quoting *SUWA*, 542 U.S. at 63–64). *See also Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (citing *United States v. Monzel*, 641 F.3d 528, 534 (D.C. Cir. 2011)) ("To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists.").

Also under the APA, a court will set aside an agency decision if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, contrary to statute, or otherwise not in accordance with law. 5 U.S.C. § 706(2). Agencies "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156,

168 (1962)). An agency decision "would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id*; *see also Marsh v. Ore. Nat. Res. Council*, 490 U.S. 360, 378 (1989) ("[I]n making the factual inquiry concerning whether an agency decision was 'arbitrary or capricious,' the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'") (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)); *see also FCC v. Nat'l Citizens Comm. for Broad.*, 436 U.S. 775, 803 (1978) (agency action may be overturned as arbitrary or capricious standard "if [it is] not rational and based on consideration of the relevant factors") (citing *Citizens to Pres. Overton Park*, 401 U.S. at 413–16); *Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 745 F.2d 677, 683 (D.C. Cir. 1984) ("[T]he 'arbitrary or capricious' provision[] [of the APA] is a catchall, picking up administrative misconduct … ."). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]" taking into account "whatever in the record fairly detracts from its weight." *AT&T Corp. v. FCC*, 86 F.3d 242, 247 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

Finally, to secure a permanent injunction, a plaintiff must demonstrate (1) actual success on the merits; (2) "irreparable harm without an injunction"; (3) that "the balance of equities tips in [its] favor"; and (4) that an injunction "would serve the public interest." *Doe v. Mattis*, 928 F.3d 1, 7 (D.C. Cir. 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "When the defendant is the government, factors (3) and (4) merge." *Anatol Zukerman & Charles Krause*

8

*Reporting, LLC v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

## II.     The SBA Has Unlawfully Withheld Agency Action

Despite issuing an award of $140,285.57 in SVOG funding to Golden Entertainment PA on December 22, 2022, A.R. 636—now over 8 months ago—the SBA has still not disbursed this funding to the Company.  This Court should compel the SBA to disburse this funding because the Company has satisfied all criteria for relief under 5 U.S.C. § 706(1): (1) the Company has a right to the award funding; (2) the SBA has violated its duty to disburse it; and (3) the Company has no adequate remedy at law.  *See Am. Hosp. Ass'n*, 812 F.3d at 189.

First, given that the SBA issued an award notice for these funds and the Company promptly signed and returned this notice on December 27, 2022, A.R. 636, Golden Entertainment PA has "a clear and indisputable right to relief."  *Am. Hosp. Ass'n*, 812 F.3d at 189.  The SBA has already awarded the grant.  Second, the SBA "is violating a clear duty to act" created by the award notice by failing to pay it.  *Id.*  Finally, the APA does not allow for money damages, 5 U.S.C. § 702, so the Company has no "adequate alternative remedy."  *Id.*

Accordingly, Golden Entertainment PA has demonstrated the criteria for an order compelling agency action unlawfully withheld, and this Court should issue an order directing the SBA to immediately fund Golden Entertainment PA's SVOG award of $140,285.57.

## III.     The SBA's Decision is Arbitrary and Capricious

Reasoned decisionmaking requires an agency to "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs.*, 463 U.S. at 43 (internal quotation marks and citation omitted).  Therefore, an agency acts arbitrarily and capriciously when it provides "no meaningful basis upon which to evaluate [its] decisionmaking."  *Amerijet Int'l., Inc. v. Pistole*, 753 F.3d 1343,

9

1346 (D.C. Cir. 2014).  The SBA's December 7, 2022 decision awarding Golden Entertainment PA $483,157.85 less than it sought with *no* explanation, let alone a satisfactory one, is arbitrary and capricious because it does not explain the agency's reasoning and is contrary to the evidence before the agency.

The agency's failure to provide a "meaningful basis upon which to evaluate" its actions, *Amerijet Int'l, Inc.*, 753 F.3d at 1346, is not new to its most recent decision to award insufficient funds to Golden Entertainment PA.  To this day, the SBA has provided Golden Entertainment PA with no reason why its application was initially denied, Decl. of J. Bloemeke, ECF No. 14-1, ¶ 5; only a generic and inaccurate reason for why its administrative appeal was denied, A.R. 395–96 (that the Company submitted an "[i]ncomplete application"); no reason for why the SBA reversed this denial, *id.* at 417; and no reason why the SBA awarded a seemingly random and much lower than requested amount of funding, *id.* at 636.

Moreover, the SBA cannot "articulate … a rational connection between the facts found and the choice made[,]" *Motor Vehicle Mfrs.*, 463 U.S. at 43 (internal quotation marks and citation omitted), because the record facts demonstrate the Company's eligibility for $623,443.42 in SVOG funding.  The Economic Aid Act provides that the award for an "eligible person or entity that began operations after January 1 2019" is calculated by multiplying "the average gross earned revenue for each full month during which the eligible person or entity was in operation during 2019" by 6. 15 U.S.C. § 9009a(c)(1)(A)(i)(II).  The Dubois, Pennsylvania location of Golden Entertainment MN, Inc. was operational beginning on October 1, 2019, A.R. 443, rendering this formula applicable to the SBA's calculation of Golden Entertainment PA's SVOG award.[2]  The Company

---

[2] The SBA has stated that new owners may apply for SVOG funds using the revenue of its former owners. *See* FAQ No. 84 ("SBA will permit the new owner to use the prior owner's revenues as its own").

10

submitted evidence showing that its gross revenue for the 3 full months it was in operation during 2019—October, November, and December 2019—was $311,721.71. A.R. 450. Therefore, its "average gross earned revenue for each full month during which the eligible person or entity was in operation during 2019," 15 U.S.C. § 9009a(c)(1)(A)(i)(II)—obtained by dividing the total gross revenue for the 3 months, $311,721.71, by 3—was $103,907.24. A.R. 459. When this average gross revenue amount ($103,907.24) is multiplied by 6, per the statute, the result is $623,443.42— the exact amount requested by Golden Entertainment PA. *Id.* The SBA's failure to award this amount to the Company was, therefore, arbitrary and capricious.

IV.    **The SBA's Decision is Contrary to Law**

As affirmed by the SBA's notice of award to Golden Entertainment PA, the evidence the Company submitted in its SVOG application showed that it satisfies the eligibility criteria for a SVOG award. And as set forth in section III, the Company's submitted evidence also demonstrated its eligibility for an award in the requested amount of $623,443.42 based on the formula outlined in the Economic Aid Act, 15 U.S.C. § 9009a(c)(1)(A)(i)(II). The SBA's award notice for only $140,285.57—22% of that requested by Golden Entertainment PA—is therefore contrary to the Economic Aid Act, and thus contrary to law.

V.    **The SBA's Decision is Not Supported by Substantial Evidence**

The APA requires factual conclusions to be supported by substantial evidence. *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999) (recognizing that courts review an agency's record-based factual conclusion "to determine whether it is supported by 'substantial evidence'"); *Xiaomi Corp. v. Dep't of Def.*, No. CV 21-280 (RC), 2021 WL 950144, at *7 (D.D.C. Mar. 12, 2021) (same).

The SBA's award of only $140,285.57 in SVOG funds, $483.157.85 less than requested by Golden Entertainment PA, is supported by no evidence in the record, let alone substantial evidence. As explained in Section III, Golden Entertainment PA's application presented evidence

11

demonstrating the Company's eligibility for a SVOG award in the full amount requested by the Company, and the SBA's denial of this amount is therefore unsupported by substantial evidence.

**VI.    The Court Should Enter an Injunction Directing the SBA to Pay Golden Entertainment PA its Full Initial and Supplemental SVOG Awards**

For the above reasons, Golden Entertainment PA demonstrated that it is eligible for an initial SVOG award in the amount of $623,443.42 as a matter of law.   15 U.S.C. § 9009a(c)(1)(A)(i)(II).  No further agency determinations need to be made before payment to the Company, and no agency discretion needs to be exercised before the agency can be ordered to make payment to the Company.  Therefore, remand to the SBA would be futile.  *See George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1539 (D.C. Cir. 1992) ("On occasion, however, we find that a remand would be futile on certain matters as only one disposition is possible as a matter of law. In such cases, we retain and decide the issue.").  Given that there is only one lawful outcome regarding Golden Entertainment PA's application, the Court should enter judgment ordering that outcome and direct the SBA to pay the Company its initial SVOG award request of $623,443.42.

Similarly, no further agency determinations are needed to order the SBA to pay the Company $311,721.71 in supplemental SVOG funds.  An applicant is eligible for supplemental funding if, as of April 1, 2021, its revenues "for the most recent calendar quarter are not more than 30 percent of [its revenues] for the corresponding calendar quarter during 2019 due to the COVID-19 pandemic."  15 U.S.C. § 9009a(b)(3)(A).  A supplemental award for eligible entities "shall be in the amount equal to 50 percent of the grant received by the eligible person or entity" in initial SVOG funding—here, 50% of $623,443.42, or $311,721.71.  *Id.* § 9009a(c)(2).  The payment of $311,721.71 is therefore the only "disposition is possible as a matter of law," *Fisher v. Pension Benefit Guar. Corp.*, 994 F.3d 664, 669 (D.C. Cir. 2021) (quoting *George Hyman Constr.*, 963 F.2d at 1539), and the Court should enter judgment directing this outcome.

12

While it is not necessary to evaluate the injunction factors in the traditional manner because the statute requires the SBA to award Golden Entertainment PA initial and supplemental SVOG awards in the amounts specified above, the Company nonetheless satisfies each of the factors. As argued in Sections III–V, the Company has demonstrated success on the merits. Moreover, the Company is "likely to suffer irreparable harm without an injunction," *Mattis*, 928 F.3d at 7 (citing *Winter*, 555 U.S. at 20), because it remains deprived of pandemic relief funding critical to its operation as a small business. Finally, factors three and four—assessing "the balance of equities" and the "public interest," *id.*— are merged here, where the government is a defendant, *Anatol Zukerman*, 64 F.4th at 1364, and militate toward an injunction because "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (citing *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511–12 (D.C. Cir. 2016)).

### CONCLUSION

For the foregoing reasons, the Court should immediately order the SBA to disburse to Golden Entertainment PA its SVOG award of $140,285.57. In addition, the Court should grant summary judgment in favor of Golden Entertainment PA, declare invalid and set aside the SBA's denial of the Company's request for $623,443.42 in SVOG funds, direct the SBA to award Golden Entertainment PA its full requested amount of $623,443.42, and direct the SBA to award Golden Entertainment PA $311,721.71 in supplemental SVOG funds, consistent with the APA and Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended.

Dated: August 28, 2023                    Respectfully submitted,

                                          */s/* Caroline L. Wolverton
                                          Angela B. Styles
                                          D.C. Bar No. 448397
                                          Caroline L. Wolverton

13

D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff Golden Entertainment PA, Inc.*